**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEBRASKA**

JIMMY BARFIELD,

Plaintiff,

v.

MIDTOWN GAS AND GROCERY; AMERICAN ENTERPRISE PROPERTIES NEBRASKA 1222 SOUTH 4TH STREET, LLC; BRAD GORDON

Defendants.

Case No.: 8:16-cv-00019

**BRIEF IN SUPPORT OF MOTION TO DISMISS**

Defendants, Midtown Gas and Grocery ("Midtown Gas"); American Enterprise Properties Nebraska 1222 South 4th Street, LLC ("AEP"); and Brad Gordon ("Mr. Gordon") (all collectively "Defendants"), by and through counsel and in support of their Motion to Dismiss, state that Plaintiff's four (4) causes of action should be dismissed with prejudice. Plaintiff does not have standing to sue as he has not alleged (1) specific facts to show actual injury in fact, or (2) that Defendant's alleged ADA violations were applicable to Plaintiff's disability. Dismissal is also proper because Plaintiff has failed to plead facts which would allow the Court to find a plausible claim for relief, has not exhausted state remedies for state law claims, and has plead claims without providing any factual support to show entitlement to relief.

## BACKGROUND FACTS

Plaintiff has recently filed at least five (5) lawsuits against different defendants that are nearly identical to the one that Plaintiff has filed in this case. All of these

complaints follow the same form, with only minor variations to account for the different defendants.[1]

As for the complaint against Defendants here, Plaintiff alleges four "causes of action" which are as follows: (1) Violation of Civil Rights – American[s] with Disabilities Act, (2) Violation of Civil Rights 42 U.S.C. 1991, (3) Violation of Civil Rights Under Nebraska Accessibility Laws, and (4) Violation of Civil Rights Act. (Doc. No. 1 at 5, 8-10). However, the only specific allegation in Plaintiff's Complaint that even comes close to a particularized statement of facts of wrongdoing on behalf of the Defendants is found in a section titled "General Allegations Common to All Claims" and provides:

> The specific difficulty Plaintiff had in entering and utilizing Defendant's facility and which amount to a violation of ADAAG are: (a) Designated disabled parking spaces are insufficient and in violation of ADAAG 4.6. (b) Failure to provide adequate access aisle in violation of ADAAG 4.6.3 (c) Failure to provide disabled parking space signage at proper height in violation of ADAAG 4.6.4 (d) Failure to provide unobstructed view of disable parking signage in violation of ADAAG 4.6.4 (E) Failure to provide "VAN ACCESSIBLE" Parking-Space in violation of ADAAG 4.1.2(5)(b) (F) Failure to provide a Regular Disabled Parking Space in violation of ADAAG 4.6.3 (G) Failure to provide a Van Accessible Aisle in violation of ADAAG 4.6.3 (H) Failure to provide property Signage in violation of ADAAG 4.6.4 (I) Failure to provide Parking Space Emblem in violation of (ADAAG 4.6.4)

(Doc. No. 1 at 4).

[1] See Filings at 8:2016-cv-00018 (D. Neb. 2016) (Complaint at Doc. No. 1); 8:2016-cv-00019 (D. Neb. 2016) (Complaint at Doc. No. 1); 8:2016-cv-00020 (D. Neb. 2016) (Complaint at Doc. No. 1); 8:2016-cv-00021 (D. Neb. 2016) (Complaint at Doc. No. 1); and 8:2016-cv-00021 (D. Neb. 2016) (Complaint at Doc. No. 1).

Defendants admit that AEP is the owner of the property located at 1222 South 24th Street, Omaha, Nebraska 68102, where the alleged discrimination occurred. Plaintiffs have failed to provide any specific reason why Midtown Gas and Mr. Gordon have been named in this lawsuit.

**STANDARD FOR MOTION TO DISMISS**

Federal Rule of Civil Procedure 12(b)(1) provides that a defendant may dismiss a claim for lack of subject-matter jurisdiction. FED. R. CIV. P. 12(B)(1). Rule 12(b)(1) challenges may be either facial or factual. *See Titus v. Sullivan*, 4 F.3d 590, 593 (8th Cir. 1993). AEP's Motion seeks dismissal based upon the face of Plaintiff's Complaint for failing to establish standing. "Each plaintiff in a federal suit must meet the threshold requirement of standing. Federal jurisdiction is specifically limited by Article III, section 2, of the United States Constitution to actual cases in controversy." *Gaylor v. GS Brentwood LLC*, No. 4:11-CV-506 CAS, 2011 U.S. Dist. LEXIS 123002, *6 (E.D. Mo. Oct. 25, 2011) (citing *Steger v. Franco, Inc.*, 228 F.3d 889, 892 (8th Cir. 2000).

Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(B)(6). In order to survive a Rule 12(b)(6) motion, the Plaintiff's "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Aschcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "This standard 'simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of [the claim or element].'" *See Gaylor*, 2011 U.S. Dist. LEXIS 123002, at *11 (quoting

*Twombly*, 550 U.S. at 556). However "[t]his obligation requires a plaintiff to plead 'more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.'" *Gaylor*, at *11 (quoting *Twombly*, at 555).

**ARGUMENT AND ANALYSIS**

Title III of the ADA is concerned with discrimination that occurs in places of public accommodation. *See* 42 U.S.C. § 12182(a). For purposes of Title III, discrimination includes "a failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities . . . where such removal is readily achievable." 42 U.S.C. § 12182(b)(2)(A)(3). The ADA provides a private right of action for "any person who is being subjected to discrimination on the basis of disability." 42 U.S.C. § 12188(a)(1). If a violation is found, injunctive relief requiring the violating party to "alter facilities to make such facilities readily accessible and usable by individuals with disabilities" is appropriate. 42 U.S.C. § 12188(a)(2).

Each of Plaintiff's four (4) causes of action should be dismissed as Plaintiff lacks standing to bring this suit, has failed to plead facts which would allow the Court to find a plausible claim for relief, has not exhausted state remedies for state law claims, and has plead claims without providing any factual support to show entitlement to relief.

**A. Plaintiff's First Cause of Action – Violation of Civil Rights – American with Disabilities Act Should be Dismissed.**

Plaintiff's first "Cause of Action" contains three separate "claims" all of which essentially alleges that "Plaintiff was subjected to discrimination in violation of 42 USC 12182(b)(2)(A)(ii) [and] (iv); 42 USC 1981 and 42 U.S.C. section 12188 because

plaintiff was denied equal access to Defendants' existing facilities." (Doc. No. 1 at 6-7). These claims fall under Title III only.

This Court has addressed a similar complaint in *Hobleman v. Ky. Fried Chicken*, 260 F. Supp. 2d 801 (D. Neb. 2003). The complaint in *Hobleman* and Plaintiff's Complaint here follow a very similar pattern. When discussing the first cause of action in *Hobleman*, which is essentially the same as Plaintiff's in this case, the Court stated:

> A person alleging discrimination under Title III must show (1) that he is disabled within the meaning of the ADA, (2) that the defendant is a private entity that owns, leases, or operates a place of public accommodation, (3) that the defendant took adverse action against the plaintiff that was based upon the plaintiff's disability, and (4) that the defendant failed to make reasonable modifications that would accommodate the plaintiff's disability without fundamentally altering the nature of the public accommodation.

*Hobleman*, 260 F.Supp 2d at 804; *see also* *Gaylor v. GS Brentwood LLC*, No. 4:11-CV-506 CAS, 2011 U.S. Dist. LEXIS 123002, *12 (E.D. Mo. Oct. 25, 2011).

With respect to the first requirement, Plaintiff pleads in the language under "Claim 1: Denial of Full and Equal Access" which is part of the First Cause of Action, that

> her (sic) condition affects one or more of the following body systems: neurological musculoskeletal, special sense organs, and/or cardiovascular. Further, his (sic) physical impairments substantially limits one or more of the following major life activities. [No activities listed]. In addition, Plaintiff cannot perform one or more of the said major life activities in the manner speed, and duration (sic) when compared to the average person. Moreover, Plaintiff has a history of or has been classified as having a physical impairment as required by 42 U.S.C. section 12102(2) (A) (sic).

(Doc. No. 1, ¶ 15) (emphasis added). While it appears that Plaintiff has attempted to plead some sort of disability, it is impossible to tell what that disability it is, what major life activity or activities are limited, or whether Plaintiff is even still disabled. Plaintiff

only states that "[he] has limited mobility when walking and standing. [And] he has limited control over his lower extremities but is able to transport himself and to affect the basic necessities of everyday life." (Doc. No. 1 at ¶ 5).

In regards to requirement two, Defendants admit that AEP is the true and correct owner of the property located at 1222 South 24th Street, Omaha, Nebraska 68102, where the alleged discrimination occurred. With this admission and the complete lack of facts contained in Plaintiff's Complaint, this Court could only speculate as to how Midtown Gas and Mr. Gordon are involved. No allegation exists that they are "entities that own[], lease[], or operate[] a place of public accommodation." *Hobleman*, at 804.

As for requirement three, "that the defendant took adverse action against the plaintiff that was based upon plaintiff's disability," Plaintiff has failed to meet his burden. As mention in the Background Facts section above, Plaintiff includes only a few sentences in the Complaint alleging how Defendants specifically violated the ADA. In addition to these parking violations listed above, Plaintiff's "Claim 2" under the First Cause of Action alleges that

> Architectural barriers which are structural in nature exist at the following physical elements of Defendants' facilities: Space Allowance and Reach Ranges, Accessible Route, Protruding Objects, Ground and Floor Surfaces, Parking and Passenger Loading Zones, Curb Ramps, Ramps, Doors, Entrances and Signage.

(Doc. No. 1, ¶ 16). This is not the type of specificity and detail required by the U.S. Supreme Court's *Iqbal* and *Twombly* decisions referenced in the Standard section above and, as such, should be dismissed.

Even if this court finds that the Complaint has plead sufficient facts on this cause of action, Plaintiff is without standing to even bring this suit. The United States Court of Appeals for the Eighth Circuit has held that standing is required in ADA public accommodation cases, and that subject matter jurisdiction is limited to "actual cases in controversy." *Gaylor*, at *6; *see also, Steger v. Franco, Inc.*, 288 F.3d 889, 892 (8th Cir. 2000) (citing to *Warth v. Seldin*, 422 U.S. 490, 498 (1975)). To obtain Article III standing a plaintiff has the burden of proving: "(1) that he or she suffered an "injury-in-fact," (2) a causal relationship between the injury and the challenged conduct, and (3) that the injury likely will be redressed by a favorable decision." *Steger*, at 892 (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)).

Under the Eighth Circuit's injury-in-fact requirement, a plaintiff must allege a harm that is "concrete and particularized" and "actual or imminent, not conjectural or hypothetical." *Id.*, at 892 (internal quotations omitted). Plaintiffs seeking injunctive relief under Title III of the ADA need to "prove knowledge of the barriers and that they would visit the building in the imminent future but for those barriers." *Id*. Intent to return to the place of injury "some-day" is insufficient, and the Eight Circuit has held that only a "credible, particularized and concrete intention to return" is sufficient. *Gaylor*, at *8, (citing *Steger,* 228 F.3d at 893 (citing *Lujan*, 504 U.S. at 564)).

Plaintiff's First Cause of Action fails first, because Plaintiff has not alleged that he is the holder of a handicap-parking placard or requires handicap van transportation. Plaintiff's pleading failures are significant as all of the ADA allegations are in regards to parking space and signage. The Eighth Circuit Court of Appeals has held that a plaintiff

is not "among the injured" with regard to ADA violations that do not affect the Plaintiff's specific disability. *See Steger* at 893. In *Steger*, for example, one of the plaintiffs (who was blind) passed the standing requirement only because the violations affected those with severe visual impairment. Here, Plaintiff has failed to plead facts that would give him standing to challenge the alleged parking violations.

Even if the allegations in Plaintiff's Complaint are accepted as true for purposes of this Motion, none of the alleged violations apply to Plaintiff's disability, and therefore he would have no reason to go back and see if these violations have been cured.

Second, when a plaintiff is seeking injunctive relief, it is essential to show that there exists a likelihood of future injury. *Brown v. Grandmother's, Inc.*, 2010 U.S. Dist. LEXIS 13625, No. 4:09CV3088, *16-17 (D. Neb. Feb. 16, 2010). Plaintiff's Complaint must be dismissed for lack of standing because Plaintiff has merely stated that "[he] desires to return to Defendants' place of business and utilize their facilities without being discriminated against in the immediate future." *See* Doc. #1, ¶ 14. As mentioned above, the Eight Circuit has held that only a "credible, particularized and concrete intention to return" is sufficient. *Gaylor*, at *8, (citing *Steger*, 228 F.3d at 893 (citing *Lujan*, 504 U.S. at 564)).

While Defendant has not specifically alleged that he is an "ADA Tester", the fact that he has filed five lawsuits in a matter of days should demonstrate that he is in fact acting as an ADA Tester. Plaintiff's allegations are not sufficient to obtain standing because a tester is not going to the business to utilize the goods and services. Several courts have ruled that being an ADA tester alone does not give a plaintiff standing.

*Kramer v. Midamco*, 656 F.Supp 2d 740, 750 (N.D. Ohio 2009) ("[Plaintiff's] only demonstrated reason for returning to the Facility would be to test for additional barriers. [Plaintiff] has demonstrated no intent to use the Facility in her individual capacity once all barriers have been removed . . . [I]f injunctive relief were granted there is no evidence that it would serve its purpose."); *Nat'l Alliance for Accessibility, Inc. v. Big Lots Stores, Inc.*, 2012 U.S. Dist. LEXIS 58200, No. 1:11CV941, *21 (M.D.N.C. April 26, 2012) (quoting *Nat'l Alliance for Accessibility, Inc. v. Waffle House, Inc.*, 2011 U.S. Dist. LEXIS 69815, No. 5:10CV375 (E.D.N.C. June 29, 2011)) (stating that "[i]n this courts view, the better approach is that a plaintiff 'cannot use her status as a tester to satisfy the standing requirements where she would not have standing otherwise'.")

Both Plaintiff's statement that he desires to return and his actions demonstrating that he may be acting as an ADA Tester fail to garner the Plaintiff standing. Therefore, Plaintiff is without subject matter jurisdiction and the Complaint should be dismissed as a matter of law.

**B. Plaintiff's Second Cause of Action – Violation of Civil Rights [Under] 42 U.S.C. 1991 Should be Dismissed.**

Plaintiff alleges that "[t]he provisions of 42 U.S.C. 1981 ([a]s amended by the Civil Rights Act of 1991) provide that Plaintiff as a person with disabilities cannot be discriminated against with regard to the ability to enter into, to make or to enforce contracts." (Doc. No. 1, ¶ 21). This cause of action was swiftly rejected and dismissed by the Court in *Hobleman*. There the Court stated: "Plaintiff alleges that 42 U.S.C. § 1981 'is applicable to causes of action where persons with disabilities have been denied their

civil rights.' This is incorrect as a matter of law. Accordingly, all references to § 1981 in the plaintiff's 'first cause of action' are unavailing." *Hobleman*, 260 F. Supp. 2d at 804 (citations omitted).

The Court in *Hobleman*, when addressing the "second cause of action" which is similar to Plaintiff's second cause of action stated, "As already discussed, disability claims are not cognizable under 42 U.S.C. § 1981. Because the plaintiff does not allege that he has been discriminated against based on the basis of race, this claim will be dismissed." *Id*. at 805. Because Plaintiff's second "cause of action" is premised solely on 42 U.S.C. § 1981 as amended by the Civil Rights Act of 1991, this "cause of action" is factually and legally baseless, and should be dismissed.

**C. Plaintiff's Third Cause of Action – Violation of Civil Rights Under Nebraska Accessibility Laws Should be Dismissed.**

Plaintiff alleges that "[he] has been denied full and equal access to Defendant's goods services, facilities, privileges, advantages, or accommodations within a public accommodation owned, leased, and/or operated by Defendants in violation of Neb. Rev. Stat. 20-132." (Doc. No. 1, ¶ 28). Plaintiff further alleges that "[d]efendants have failed and refused and continue to fail and refuse to provide a reasonable alternative to allow plaintiff equal access to their facility." (Doc. No. 1, ¶30). The Eighth Circuit Court of Appeals has already addressed this issue holding that it did not have jurisdiction to hear a claim based on NEB. REV. STAT. § 20-132. In that case, the court stated:

> Nebraska has enacted laws prohibiting discriminatory public accommodation practices and has conferred authority on an administrative agency to investigate, resolve, and, when necessary, redress discriminatory practices. Nebraska law guarantees "[a]ll persons within this state shall be

> entitled to a full and equal enjoyment of any place of public accommodation, as defined in sections 20–132 to 20–143, without discrimination or segregation on the grounds of race, color, sex, religion, national origin, or ancestry." Neb. Rev. Stat. § 20–132 (Reissue 1991). *Section 20–139 directs that sections 20–132 to 20–143 "shall be administered by the [Nebraska] Equal Opportunity Commission" (Commission) and further provides that county attorneys are authorized to enforce these statutory sections* and "possess the same powers and duties" as the Commission. Id. § 20–139 (Supp. 2002).
>
> *At least two federal circuit courts have ruled that when a state has enacted laws to protect against discriminatory public accommodation practices, a Title II plaintiff must establish he has satisfied the procedural prerequisites of section 2000a–3(c) before filing a civil action in federal court.* See *Stearnes v. Baur's Opera House, Inc.*, 3 F.3d 1142, 1144–45 (7th Cir. 1993) (Illinois law); *Harris v. Ericson*, 457 F.2d 765, 766 (10th Cir. 1972) (New Mexico law). Although [Plaintiff] apparently attempted to comply with the procedural requirements of 42 U.S.C. § 2000a–3(c) by filing written notice of the alleged discriminatory practice with the City of Omaha's Human Relations Director, *Nebraska law expressly declares the laws guaranteeing full and equal enjoyment to public accommodation shall be administered by the Commission*. See Neb. Rev. Stat. § 20–139 (Supp. 2002).
>
> Since the requirements of section 2000a–3(c) are jurisdictional, we join the Seventh and Tenth Circuits in holding these procedural prerequisites must be satisfied before we have jurisdiction [over such a claim]. See Stearnes, 3 F.3d at 1144; Harris, 457 F.2d at 767.

*Bilello v. Kum & Go, LLC*., 374 F.3d 656, 658-59 (8th Cir. 2004) (emphasis added). Further, in *Hobleman*, faced with nearly identical allegations in that plaintiff's complaint, the Court stated:

> I find no legal basis for this claim under either state or federal law, independent of the ADA. In several other cases brought against Lincoln businesses, the plaintiff has labeled his "third cause of action" as alleging a "violation of civil rights under Nebraska accessibility laws." To the extent that the plaintiff is here attempting to allege that the defendants have violated accessibility standards which have been promulgated under authority of Neb. Rev. Stat. § 81–5,147,7 the claim fails because Nebraska law provides no private right of action.

*Hobleman*, 260 F. Supp. 2d at 805-06. Plaintiff has failed to demonstrate in his Complaint that he has "satisfied the procedural prerequisites of section 2000a–3(c) before filing a civil action in federal court." He has further failed to demonstrate in his Complaint any other jurisdictional basis for bringing this alleged "cause of action" based on "Nebraska Accessibility Laws." Accordingly, this Court lacks jurisdiction over Plaintiff's "third cause of action," and accordingly, the "third cause of action" should be dismissed pursuant to FED. R. CIV. P. 12(b)(1).

**D. Plaintiff's Fourth Cause of Action – Violation of Civil Rights Act Should be Dismissed.**

Plaintiff's Fourth Cause of Action alleges that "Defendants are in violation (b) (sic) by failing and refusing to provide free and equal access to Plaintiff to their facility on the same basis as other persons not disabled. By their failure to provide equal access to Plaintiff as herein alleged, Defendants have also violated 42 U.S.C. 12182 (b)(2)(A)(iv)." (Doc. No. 1, ¶33). This cause of action is indistinguishable from Plaintiff's "First Cause of Action" where Plaintiff also plead allegations of 42 U.S.C. § 12182 (b)(2)(A)(iv) violations.

The Court in *Hobleman* also addressed this issue. It stated, "[t]he plaintiff's 'fourth cause of action' essentially is a reiteration of the "first cause of action," but may be construed as an attempt to bring a "civil rights claim under 42 U.S.C. § 1983." *Hobleman*, 260 F.Supp 2d at 806. The Court continue to state that "[c]onstruing the plaintiff's "fourth cause of action" as a section 1983 claim, it fails for lack of the requisite allegation that the defendants were acting under the color of state law." *Id*. Plaintiff's

"fourth cause of action" is completely redundant of the "first cause of action" and should be dismissed. Additionally, even if this Court were to construe this claim as a section 1983 claim, Plaintiff has failed to show that Defendants have at any time acted under the color of state law. Therefore, Plaintiff's "fourth cause of action" fails and should be dismissed.

**E. Plaintiff's Claim for Intentional or Negligent Infliction of Emotional Distress Should be Dismissed.**

Plaintiff includes language under the "Second Cause of Action" that could be potentially construed to be a claim for either intentional or negligent infliction of emotional distress. Specifically Plaintiff alleges that "[a]s a result of Defendants' actions Plaintiff was humiliated, embarrassed and discouraged and upset emotionally and physically and suffered damages according to proof." *See* Doc. No. 1, ¶ 24. He also alleges that "[t]he actions of the Defendants were intentional, outrageous and done with reckless disregard of Plaintiff's rights and therefore entitle him to an award of punitive damages." (Doc. No. 1, ¶ 25).

As with all the other "causes of action" or "claims" this issue was addressed in *Hobelman* as well. The *Hobleman* Court stated that

> a plaintiff is required to show that a negligent act of the defendant proximately caused the plaintiff to suffer severe emotional distress. To be actionable, emotional distress must have been so severe that no reasonable person could have been expected to endure it. Furthermore, the emotional anguish or mental harm must be medically diagnosable and must be of sufficient severity that it is medically significant.

*Hobleman*, at 806. Plaintiff's allegation that he was "humiliated, embarrassed and discouraged and upset emotionally and physically" is simply not sufficient as a matter of law to state an actionable claim for negligent infliction of emotional distress.

If this language is deemed to be a claim for intentional infliction of emotional distress, it should be dismissed for the same reason that the *Hobleman* Court dismissed the exact same claim in that case. *See Hobleman*, 260 F. Supp. 2d at 807.

**F. Plaintiff's Demand for Money Damages and for Jury Trial Should be Dismissed.**

Plaintiff has asked for damages and demanded a jury trial to which it has no right. This issue was also addressed in *Hobleman*, and there, the Court stated that "Under Fed.R.Civ.P. 39(a) . . . the court may determine upon motion or of its own initiative whether a right to trial by jury exists as to a particular issue." *Hobleman*, at 804-805. When analyzing the issue, the Court stated, "[t]he remedies and procedures for private actions under Title III of the ADA are those set forth in 42 U.S.C. § 2000a-3(a). *See* 42 U.S.C. § 12188(a)(1). The former section only authorizes a 'civil action for preventative relief, including an application for a permanent or temporary injunction, restraining order, or other order. . .'" *Id*. at 805. The Court concluded by saying it found "no authority which would permit an award of damages to the Plaintiff, or require that a jury by trial be held, under Title III of the ADA." *Id*. Therefore, Plaintiff's Title III ADA claims are not entitled to a jury trial, nor is Plaintiff entitled to any monetary damages. Defendants request that this Court find as such in its Order on this Motion.

## CONCLUSION

For the aforementioned reasons, Midtown Gas and Grocery; American Enterprise Properties Nebraska 1222 South 4th Street, LLC; and Brad Gordon respectfully request that Court sustain its Motion to Dismiss and award it such other and further relief as is just and equitable.

DATED this 6th day of April, 2016.

MIDTOWN GAS AND GROCERY, AMERICAN ENTERPRISE PROPERTIES NEBRASKA 1222 1222 SOUTH 4th STREET, LLC, and BRAD GORDON, Defendants

BY: O'NEILL HEINRICH DAMKROGER BERGMEYER & SHULTA PC LLO and
ADAM J. PROCHASKA – 22307
800 Lincoln Square, 121 S. 13th St.
P.O. Box 82028
Lincoln, Nebraska 68501-2028
(402) 434-3000
aprochaska@ohdbslaw.com

BY: s/ Adam J. Prochaska
Said Attorney

## CERTIFICATE OF SERVICE

I hereby certify that on the 6th day of April, 2016, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to all counsel of record.

BY: s/ Adam J. Prochaska
Said Attorney