IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JIMMY BARFIELD,<br><br>                Plaintiff,<br><br>vs.<br><br>AMERICAN ENTERPRISE PROPERTIES NEBRASKA, 1222 South 4th Street, LLC; BRAD GORDON,  MIDTOWN GAS AND GROCERY, AND  DOES 1-5 INCLUSIVE,<br><br>                Defendants. | **8:16CV19**<br><br>**FINDINGS, RECOMMENDATION, AND ORDER** |

      This matter is before the court on Defendants' motion to dismiss, (Filing No. 9), under Rules 12(b)(1) and 12(b)(6).  For the reasons set forth below the motion should be granted.

BACKGROUND

      Plaintiff, Jimmy Barfield, alleges he[1] is a disabled[2] individual and "has limited mobility when walking or standing."  (Filing No. 1, ¶6 at CM/ECF p. 1).  Defendant Midtown Gas and Grocery is apparently a commercial business located at 1222 South 24th Street, Omaha, Nebraska 68102.  The remaining defendants are the alleged owners and/or landlords of Midtown Gas and Grocery.  (Filing No. 1, ¶3 at CM/ECF p. 2).

      Plaintiff alleges that on or about November 16, 2015 he visited Midtown Gas and Grocery "to utilize goods and/or services" and was prevented from doing so "because [the facility] failed to comply with federal ADA Access Guidelines For Buildings and Facilities" ("ADAAG").  (Filing No. 1, ¶7 at CM/ECF pp. 3-4).  Plaintiff listed the following specific violations:

---

[1] Plaintiff's complaint refers to Plaintiff by using both masculine and feminine pronouns. Based on Plaintiff's name and the fact the masculine pronouns are used predominately, the court will assume Plaintiff is a man.

[2] Plaintiff alleges he meets the definition of disability under 42 U.S.C. § 12102(2) because he is substantially limited in performing one or more of life's major activities.

    (a)    Designated disabled parking spaces are insufficient and in violation of ADAAG section 4.6.

    (b)    Failure to provide an adequate access aisle in violation of ADAAG 4.6.3.

    (c)    Failure to provide disabled parking space signage at proper height in violation of ADAAG 4.6.4.

    (d)    Failure to provide an unobstructed view of disabled parking signage in violation of ADAAG 4.6.4.

    (e)    Failure to provide "VAN ACCESSIBLE" Parking-Space in violation of ADAAG 4.1.2(5)(b).

    (f)    Failure to provide a Regular Disabled Parking Space in Violation of ADAAG 4.6.3.

    (g)    Failure to provide a Van Accessible Aisle in violation of ADAAG 4.6.3.

    (h)    Failure to provide proper Signage in violation of ADAAG 4.6.4.

    (i)    Failure to provide a Parking Space Emblem in violation of (ADAAG 4.6.4).

Plaintiff filed this suit asserting claims for alleged violations under the ADA, the Civil Rights Act of 1981 (as amended by the Civil Rights Act of 1991), and Nebraska state accessibility laws.

## ANALYSIS

<u>The ADA claims.</u>

Title III of the ADA prohibits discrimination against disabled individuals "in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182. The ADA provides a private right of action for "any person who is being subjected to discrimination on the basis of disability." 42 U.S.C. § 12188(a)(1). If a violation is found, the appropriate remedy is injunctive relief requiring the violating party to "alter facilities

to make such facilities readily accessible and useable by individuals with disabilities." 42 U.S.C. §12188(a)(2).

> A person alleging discrimination under Title III must show (1) that he is disabled within the meaning of the ADA, (2) that the defendant is a private entity that owns, leases, or operates a place of public accommodation, (3) that the defendant took adverse action against the plaintiff that was based upon the plaintiff's disability, and (4) that the defendant failed to make reasonable modifications that would accommodate the plaintiff's disability without fundamentally altering the nature of the public accommodation. See 42 U.S.C. § 12182(a) and (b) (2)(A)(ii).

Amir v. St. Louis University, 184 F.3d 1017, 1027 (8th Cir.1999) (footnote omitted).

But before the elements of the alleged ADA violation can be considered, the plaintiff must also make a sufficient showing he has standing to bring the asserted claims. Warth v. Seldin, 422 U.S. 490, 498 (1975). To establish standing the plaintiff must have suffered a concrete and particularized injury-in-fact, the injury must be traceable to defendants' conduct, and the injury must be redressable. Allen v. Wright, 468 U.S. 737, 755-57 (1984). Where the plaintiff seeks injunctive relief "he must demonstrate a 'real and immediate threat of future injury by the defendant.'" Sawczyn v. BMO Harris Bank Nat. Ass'n, 8 F. Supp. 3d 1108, 1111 (D. Minn. 2014)(quoting City of Los Angeles v. Lyons, 461 U.S. 95, 101-02 (1983)).

When considering whether a plaintiff faces the real and immediate threat of future injury in an accessibility suit under the ADA, courts focus on whether the plaintiff will return to the business. "[C]ourts often consider factors such as (1) the plaintiff's proximity to the accommodation; (2) the frequency of plaintiff's nearby travel; (3) the plaintiff's past patronage; and (4) the definiteness of plaintiff's plans to return." Sawczyn, 8 F. Supp. 3d at 1112 (internal citations omitted).

As to all claims raised in Barfield's complaint,[3] Plaintiff has failed to allege any facts supporting a real and immediate threat of future injury. Plaintiff's complaint states he attempted

---

[3] Plaintiff's first claim alleges violations of the American with Disabilities Act for non-compliance with the ADAAG. Plaintiff's fourth claim is virtually indistinguishable from the first claim as both allege violations of 42 U.S.C. § 12182(b)(2)(A)(iv). Thus, the analysis of this

3

to enter the premises and use the facilities on or about November 16, 2015, but had difficulty doing so because "it failed to comply with federal ADA Access Guidelines for Building and Facilities." (Filing No. 1, ¶7 at CM/ECF p. 3-4). Plaintiff further alleges he "desires to return to Defendants' place of business and utilize their facilities without being discriminated against in the immediate future." (Filing No. 1, ¶12 at CM/ECF p. 5).

While the burden of pleading the threat of a real and immediate threat of future injury is not especially onerous in ADAAG cases, Plaintiff's skeletal description of the alleged future harm is insufficient to demonstrate he has standing. He has not indicated where he lives relative to Defendants' business, how often he visits the area where Defendants' business is located, or whether he has visited Defendants' business on prior occasions. Such information is necessary to determine whether Plaintiff has properly established standing to bring this suit. See, e.g., Sawczyn, 8 F. Supp. 3d at 1112-13 (evaluating whether Plaintiff "might reasonably be expected" to visit the location again based on convenience and distance from Plaintiff's residence). Plaintiff's complaint is utterly devoid of any such information. Instead, it rests on a conclusory statement that he "desires" to return to Defendants' business establishment. "Intent to return to the place of business 'some day' is insufficient" to show injury-in-fact. Steger v. Franco, Inc., 228 F.3d 889, 893 (8th Cir. 2000)(quoting Lujan, 504 U.S. at 564).

Plaintiff's allegations based on the alleged non-compliant parking spaces and parking lot fail for a separate reason. Plaintiff alleges ADA violations at Defendants' property/business premises due to a number of alleged accessibility deficiencies in handicapped parking. While Plaintiff alleges he is disabled for the purpose of the ADA, he does not allege with any specificity the nature of his disability. He alleges he has limited mobility when walking and standing. Notably, however, he does not allege he is either in possession of a handicapped parking pass or is otherwise eligible to park in a handicapped space. For this reason, he has neither pled an injury-in-fact for the purposes of standing, nor any adverse action by Defendants against him. As such, his complaint does not sufficiently plead ADAAG claims related to parking spaces and signs.

---

opinion pertaining to the first claim also applies to Plaintiff's fourth claim. It need not be repeated.

4

The 42 U.S.C. § 1981 claim.

Plaintiff also asserts a claim under 42 U.S.C. § 1981 (as amended by the Civil Rights Act of 1991). To allege a § 1981 claim, a plaintiff must plead, in part, that the defendant intended to discriminate against him on the basis of race. Bediako v. Stein Mart, Inc., 354 F.3d 835, 839 (8th Cir. 2004). No claim exists under §1981 for discrimination based on disability. See Weseman v. Meeker County, 659 F.Supp. 1571, 1575 (D. Minn. 1987). Plaintiff's complaint makes no mention of any discrimination based on race. Therefore, his second claim should be dismissed.

The Nebraska state law claims.

Finally, Plaintiff alleges Defendants violated Nebraska's accessibility law which provides:

> All persons within this state shall be entitled to a full and equal enjoyment of any place of public accommodation, as defined in sections 20-132 to 20-143, without discrimination or segregation on the grounds of race, color, sex, religion, national origin, or ancestry.

Neb. Rev. Stat. § 20-132.

As an initial matter, it is not clear that this statute – addressing discrimination based on race, color, sex, religion, national origin, or ancestry – applies in any way to Plaintiff's claim of discrimination based on disability. Moreover, if this section was applicable to Plaintiff's claim, the court has no jurisdiction unless Plaintiff first exhausts his administrative remedies. See Neb. Rev. Stat. § 20-139; Bilello v. Kum & Go, LLC, 374 F.3d 656, 658-59 (8th Cir. 2004). Plaintiff's complaint does not indicate he exhausted his state remedies. Accordingly, the third claim should be dismissed for lack of jurisdiction.

Plaintiff's current complaint wholly fails to plead any claims for which relief may be granted in this forum. The court will, however, grant Plaintiff's request for an opportunity to cure any defects in that complaint.

Accordingly,

IT IS ORDERED:

Plaintiff's motion to file an amended complaint, with the proposed amended complaint attached, shall be filed on or before September 1, 2016.

If no motion to amend is timely filed,

IT IS RECOMMENDED to the Honorable John M. Gerrard, United States District Judge, pursuant to 28 U.S.C. § 636(b), that Defendants' motion to dismiss (Filing No. 9) be granted and Plaintiff's claims be dismissed without further notice.

The parties are notified that failing to file an objection to this recommendation as provided in the local rules of this court may be held to be a waiver of any right to appeal the court's adoption of the recommendation.

Dated this 17th day of August, 2016

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.